**Jackson LEEDS, Plaintiff,**

v.

**Donald J. QUIGG, Commissioner of Patents and Trademarks, Defendant.**

**Civ. A. No. 89–1925.**

United States District Court, District of Columbia.

July 13, 1990.

Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendant.

Jackson Leeds, Washington, D.C., pro se.

## MEMORANDUM OF OPINION AND ORDER

REVERCOMB, District Judge.

Plaintiff, pro se, Jackson Leeds brings this action against the Commissioner of Patents and Trademarks under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for a declaratory judgment that the Patent and Trademark Office (PTO) has failed to index and produce certain agency decisions as required by 5 U.S.C. § 552(a)(2). By Memorandum of Opinion and Order dated March 26, 1990, the Court held that PTO is not required to index decisions in pending and abandoned patent applications,[1] but requested further briefing as to whether PTO is required to index those decisions in final patent files.[2]

Section 552(a)(2)(A) requires each agency to make available for public inspection and copying:

> final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases. 5 U.S.C. § 552(a)(2)(A).

The section also provides that agencies:

> maintain and make available for public inspection and copying current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and required by the paragraph to be made available or published. *Id.*

It is the PTO's position that, "under section (a)(2), only rulings which result in a final disposition of the ultimate matter before the PTO for adjudication (e.g., the applicant's right to a patent in a patent case) are "final opinions" subject to the indexing requirement." *Commissioner's Motion for Summary Judgment,* p. 8. Under this analysis, the PTO indexes only four categories of decisions: (1) whether patent rights are to be granted, main-

---

**1.** The Court modifies its March 26, 1990 Order to the extent that the Patent Office acknowledges that some "decisions" under 37 C.F.R. § 1.56 have been made available to the public even though they are in abandoned files. The "decisions" relate to reissue applications and are open to the public by regulation. See 37 C.F.R. § 1.11(b). The PTO is in the process of updat-

ing and correcting its indexes to these "decisions" and has been providing copies of them to plaintiff.

**2.** The Court also ordered the PTO to supplement some of the indexes that it did supply to plaintiff and the PTO has done so.

tained, extended or reexamined; (2) whether a trademark is entitled to the benefits of Federal registration; (3) whether penalties are to be imposed on an individual for violation of regulations relating to the use of PTO records or search facilities; and (4) whether individuals are entitled to practice before the PTO.[3]

Plaintiff Leeds, however, has requested, and insists that the PTO should maintain, indexes for various petition decisions rendered during the patent application process. At issue are petition decisions rendered under 37 C.F.R. sections 1.14 (petitions for access to pending or abandoned applications), 1.56 (petitions seeking to have an application stricken from the files), 1.103 (petition for suspension of action), 1.127 (petition from refusal to admit amendment), 1.144 (petition from requirement for restriction), 1.181 (petition to Commissioner seeking relief from requirement or actions of patent examiner), 1.182 (petitions to Commissioner from any requirement of patent examiner or to invoke Commissioner's supervisory powers), 1.312 (petition to permit amendment of a patent application after patent examiner has allowed the case), 1.313 (petition to withdraw the case from issue), 1.314 (petition to defer issuing a patent) and 1.193(a) (petition to Commissioner regarding an examiner's finding that appeal is not regular in form).[4] The requested decisions contained in patent application files for *issued patents* are available to the public. The question presented here is whether the decisions are "final opinions" under section 552(a)(2)(A)

that must be indexed. This determination is to be based in large measure on principles of *finality* articulated in *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). See *Irons & Sears v. Dann*, 606 F.2d 1215, 1223, n. 40 (D.C.Cir.1979), *cert. denied*, 444 U.S. 1075, 100 S.Ct. 1021, 62 L.Ed.2d 757 (1980).

In *NLRB v. Sears, Roebuck & Co.*, the Supreme Court held that memoranda explaining decisions by NLRB General Counsel not to file a unfair labor practice complaints were "final opinions" made in the "adjudication of cases," while similar memoranda explaining decisions to file a complaint and commence litigation before the NLRB were not. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975). In reaching its conclusion, the Court focused on whether the agency's action *disposed* of the case, whether the adjudicative process would continue or end after issuance of the opinion. *Id.* at 158–160, 95 S.Ct. at 1520–1521. Under the Court's analysis, a "final opinion" is one that effectuates a final disposition. See *id.* at 158, 95 S.Ct. at 1520 ("an 'order' is defined as 'the whole or part of a *final disposition* ...'"); *id.* at 159, 95 S.Ct. at 1520 ("the decision in the § 10(k) proceeding ... did not finally decide anything ..."); *id.* at 159, 95 S.Ct. at 1520 ("... Memorandum which directed the filing of a complaint" was not a final order; "the filing of a complaint does not finally dispose even of the General Counsel's responsibility with respect to the case"); *id.*

**3.** There are fourteen specific types of decisions which fall under these four categories (and for which the PTO maintains indexes): (1) decisions denying delayed payment of maintenance fee under 37 C.F.R. § 1.378(e); (2) decisions denying relief from provisions related to reexamination under 37 C.F.R. §§ 1.181–1.183; (3) decisions upholding the denial of reexamination requests under 37 C.F.R. § 1.515(c); (4) decisions denying extensions of time in a reexamination under 37 C.F.R. § 1.550(c); (5) Commissioner's decisions in disciplinary matters; (6) Commissioner's decisions concerning practice before the PTO; (7) Commissioner's decisions in regrades of the PTO registration examination; (8) Commissioner's decisions concerning scientific and technical training requirements for practice before the PTO; (9) decisions determin-

ing eligibility for extension of patent term under 37 C.F.R. § 1.750; (10) *ex parte* decisions of the Board of Patent Appeals and Interferences; (11) *Inter partes* decisions of the Board of Patent Appeals and Interferences; (12) decisions of the Trademark Trial and Appeal Board; (13) Commissioner's decisions in trademark matters; and (14) the *Index of Patents. Supplemental Memorandum in Support of Commissioner's Motion for Summary Judgment*, pp. 6–7.

**4.** Plaintiff also requested, and received, copies of PTO indexes for decisions rendered pursuant to 1.515(c) (petition to Commissioner seeking review of an examiner's determination refusing examination).

at 160, 95 S.Ct. at 1521 ("although not a 'final opinion' in the 'adjudication' of a 'case' because it does not effect a 'final disposition,' ...").

None of the decisions at issue effect a final disposition of a patent application. In each case, the application process either continues or is abandoned and the application is exempt from FOIA.[5] Accordingly, none of the decisions are final orders under the Supreme Court's analysis. Each decision is an integral part of the entire patent application process and can not treated as a discrete final action.

Accordingly, defendant PTO's motion for summary judgment is GRANTED. The defendant has no duty to index the petition decisions requested by the plaintiff.

---

5. 37 C.F.R. § 1.56—Petition seeking to have an application stricken from the files. If the petition is denied, the application remains alive and the application process continues or may be abandoned by the applicant. If the petition is granted, the application becomes abandoned and is exempt.

37 C.F.R. § 1.103—Petition requesting suspension. If the petition is denied, there is no suspension and the application process continues or may be abandoned. If the petition is granted, the application process is suspended, but the application is "pending" and is exempt from disclosure.

37 C.F.R. § 1.127—Petition from refusal to admit an amendment. If the petition is denied, the application process may either continue without amendment or it may be abandoned; if granted, the applicant can amend the application and prosecution continues.

37 C.F.R. § 1.144—Petition from requirement that the applicant restrict the application to one invention. If this petition is denied, the original application continues and the applicant may file a separate application on the addition subject matter; if granted, the application for a patent on the entire subject matter continues.

37 C.F.R. §§ 1.181, 1.182—Petition to the Commissioner seeking relief from requirements or actions of patent examiners. If these petitions are denied, an applicant may continue to prosecute the application or may abandon it; if granted, prosecution continues, but the application may be a modified version of the application originally considered by the patent examiner.

37 C.F.R. §§ 1.312, 1.313, 1.1314—Petition to permit amendment of the application after the patent examiner has concluded that the application should issue as a patent, Petition to withdraw case from issue, Petition to defer issuing a patent. In each case, if the petition is denied, a patent may ultimately issue, however, none of these petition decisions actually effect a final patent decision. If the petition to permit amendment is granted, the application may be amended and prosecution continues. If the petition to withdraw case from issue is granted, the application is abandoned and is exempt. If the petition to defer issuing the patent is granted, the application remains pending and may later be prosecuted or abandoned.

37 C.F.R. § 1.193—Petition regarding an examiner's finding that the applicant's appeal is not regular in form or does not relate to an appealable action. If the petition is denied, an applicant may continue to prosecute the application or may abandon it; if the petition is granted, prosecution continues.

37 C.F.R. § 1.14(e) involves a slightly different request, i.e. requests from members of the public for access to an abandoned or pending patent application file. These petition decisions do not involve the "adjudication of a case," and as such do not qualify as "final orders" under 552(a)(2)(A).