# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SANDY DRUMMOND,      :      C.A. No. K20C-07-023 WLW

           Plaintiff,    :

       v.             :

DR. ISLAM J. AL JUNAIDI, M.D.   :
and BAYHEALTH MEDICAL      :
CENTER, INC.             :

           Defendants.    :

Submitted: December 21, 2020
Decided: January 27, 2021

## ORDER

Upon Defendants' Motions for Summary Judgment
*Granted*
And Second Motion to Test Affidavit of Merit
*Moot*

Mr. Sandy Drummond, pro se

James E. Drnec, Esquire and Katherine J. Sullivan, Esquire of Wharton Levin Ehrmantraut & Klein, P.A., Wilmington, Delaware; attorneys for Defendant Bayhealth Medical Center, Inc.

Thomas J. Marcoz, Jr., Esquire of Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware; attorney for Dr. Islam J. Al Junaidi.

WITHAM, R.J.

Before the Court is Bayhealth Medical Center, Inc. (hereinafter "Bayhealth") and Islam J. Al Junaidi, M.D.'s (hereinafter "Dr. Al Junaidi") Motions for Summary Judgment. For purposes of this decision, Bayhealth and Dr. Junaidi may also be referred to as the Defendants. The Plaintiff, Sandy Drummond (hereinafter "Drummond") asserts that medical malpractice occurred leading to failure to adhere to standard of care during treatment and care for asthma exacerbation which led to physical injury. For the reasons that follow, the motions are *granted.*

## Factual and Procedural History

Bayhealth is a hospital located in Delaware. Dr. Al Junaidi is a medical physician practicing in Delaware. The facts recited are those as alleged in Drummond's Complaint.[1] During the days of April 14, 2017 to April 19, 2017, Drummond was admitted to Bayhealth Kent General Hospital for asthma exacerbation. During this time, Drummond was treated by Dr. Al Junaidi because Drummond's primary doctor was unavailable due to vacation. Drummond's treatment involved receiving doses of three different drugs – Levaquin, Advair and Prednisolone. Drummond is allergic Levaquin. After receiving doses of those drugs, Drummond complained to Dr. Al Junaidi and hospital staff that he was having a negative reaction. The symptoms Drummond described were hives, body pain, joint pain, loss of hair and a skin rash on his back. After relaying these symptoms to Dr. Al Junaidi and hospital staff, Drummond was told to allow the medications time to work.

---

[1] *Savor, Inc. v. FMR Corp.,* 812 A.2d 894 at 896-97 (Del. 2002) ("All well-pleaded factual allegations are accepted as true".)

Drummond filed his complaint on July 14, 2020. Bayhealth subsequently filed a Motion for summary Judgment on July 22, 2020 and then a Motion to Test Affidavit of Merit or, in the Alternative, to Dismiss on July 24, 2020. Dr. Al Junaidi filed his Motion for Summary Judgment and Motion to Review Plaintiff's Affidavit of Merit on July 30, 2020. Drummond replied to Bayhealth' s two motions on August 4, 2020 and to Dr. Al Junaidi's motions on August 18, 2020. The Court deferred Defendants' motions to test Affidavit of Merit, granting Drummond 60 days, or until October 30, 2020, to provide a satisfactory Affidavit of Merit as detailed by 18 *Del. C.* § 6853(a)(1). Drummond filed a second Affidavit of Merit on November 20, 2020 and again on November 23, 2020 after receiving an extension from the Court. Both Affidavits are identical, include a curriculum vitae, provide the same information, and will be treated as one. The Affidavit proports to state, by a board-certified physician practicing in the same field as the allegedly negligent party, that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant. The Affidavit is also to include expert medical testimony detailing the applicable standard of care, the alleged deviation from the standard, and the causal link between the deviation and the alleged injury.[2]

## Standard of Review

Under Superior Court Civil Rule 56(c), a party is entitled to summary judgment if the moving party can show that there is no genuine issue as to any

---

[2] *Enhaili v. Patterson*, 2018 WL2272767 at *2 (Del. Super. April 23, 2018) citing 18 *Del. C.* §6853(a)(1). See also *Green v. Weiner*, 766 A.2d 492 at 494-95 (Del. 2001).

material fact and that the moving party is entitled to a judgment as a matter of law.[3] The party moving for summary judgment bears the initial burden of showing no material issues of fact are present.[4] When a moving party meets the initial burden of showing that no material issues of fact exist, the burden shifts to the non-moving party to show that such issues do exist.[5]

"The 'mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.' A factual dispute is genuine only where 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[6]

### Discussion

Both Defendants have moved for Summary Judgment contending that Drummond failed to timely file his Complaint and, as a matter of law, it must be dismissed.

Drummond filed his action on July 14, 2020[7] alleging facts discussed in the preceding Factual and Procedural History. In addition, he claims that he was never told by Dr. Al Junaidi or by hospital staff that they were giving Levaquin to him and per Federal Drug Administration guidelines, he should have been told. Drummond is and showed an allergic reaction to Levaquin.[8]

---

[3] Super. Ct. Civ. R. 36(c).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Guardian Const. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378 (Del. Super. Ct. 1990).
[6] *Smith v. Delaware*, 745 F. Supp. 2nd 467, 478 (D. Del. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505.91 L. Ed. 2d, 202 (1986).
[7] Plaintiff's complaint, Doc. Trans. 65767765.
[8] *Id.*

4

The statute of limitations for a medical negligence case is a two-year period applicable to injuries within two years of the wrongful act and a three-year period applicable to inherently unknowable injuries.[9]

Drummond sets forth an admission that the injuries took place between April 14, 2017 and April 19, 2017 when Levaquin was prescribed and taken. These facts are not disputed. Drummond argues that Dr. Al Junaidi either did not know what he was giving or just did not care. He further points out that Dr. Al Junaidi was made aware of his adverse reaction but did not at anytime take the time to find out what was causing it. Drummond does not explain why he waited over a year and five months past the two-year statute of limitations, or over two months past the three-year statute of limitations if it applies.

This Court agrees with Defendants that once Drummond became aware of the injury, in this case when the physical manifestations of the adverse reactions occurred in the five-day period between April 14, 2017 to April 19, 2017, that the two-year statute of limitations period begins to run and applies.[10] No medical negligence suit, even from those "inherently unknowable"[11] injuries can be brought beyond three years from the date of injury.

---

[9] 18 *Del. C.* § 6856.
[10] *Dambro v. Myer,* 974 A.2d 121, 130, 136-137 (Del. 2009).
[11] 18 *Del. C.* §6856.

## Conclusion

Considering the foregoing, Defendants' motions for summary judgment are GRANTED. Any further review of the Affidavit of Merit is therefore MOOT.

IT IS SO ORDERED.

*/s/ William L. Witham, Jr.*
Resident Judge

WLW/dmh